PAUL KELLY, JR., Circuit Judge,
concurring in part and dissenting in part.
I concur in the court’s opinion, with the exception of the resolution of the claim of ineffective representation during sentencing. I respectfully dissent from this court’s holding that the OCCA’s determination that Mr. Hooper’s counsel did not render deficient performance constitutes an unreasonable application of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See 28 U.S.C. § 2254(d)(1). The record fully supports the OCCA’s holding on the lack of deficient performance so it cannot be an unreasonable application of Stnckland. There are two levels of deference here. First, only if we could conclude that the OCCA’s application of Strickland was objectively unreasonable — not merely erroneous, incorrect, or contrary to what we might decide on direct appeal — is habeas relief on this claim warranted. See Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002); Williams v. Taylor, 529 U.S. 362, 410-11, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). That is because “[t]he federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable.” Woodford v. Visciotti, — U.S. -, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam). Second, under Strickland, a reviewing court presumes that counsel’s decisions were an exercise of reasonable pro *1179 fessional judgment and considers all of the circumstances, keeping in mind that the ultimate inquiry is whether the trial is a “reliable adversarial testing process.” 466 U.S. at 688, 688-90, 104 S.Ct. 2052.
Applying these standards, counsel made a reasonable strategic choice after less than full investigation given the facts. The trial record suggests scant evidence that Mr. Hooper suffered from brain damage or a learning disability that might have somehow contributed to his calculated and vicious murder of the victim and her two children. Mr. Hooper’s counsel subjected the state’s case to close scrutiny and the choices made by counsel were, under the circumstances, about as good as could be expected.
Essentially, this court determines that counsel’s attempt to get before the sentencing jury evidence of Mr. Hooper’s mental limitations, without first determining the likelihood of success after additional investigation, constitutes deficient performance. Dr. Murphy’s summary indicating that he “believed Dr. Adams found evidence of ‘mild but probable brain damage,’ ” was placed before the jury by counsel. Hooper v. State, 947 P.2d 1090, 1114 (Okla.Ct.Crim.App.1997). Had counsel not placed the substance of the report in evidence (because there was scant evidence to support it), would counsel have been deemed ineffective?
Obviously, Dr. Murphy is a defense-oriented professional expert witness. Was he caught in his own embellishment of Dr. Adams’ report? Dr. Adams testified on rebuttal that “he found no evidence of brain damage.” Hooper, 947 P.2d at 1114. Although the OCCA held that counsel’s actions in calling Dr. Murphy and having the two medical reports admitted was “disastrous” and constituted Strickland prejudice, Hooper, 947 P.2d at 1115, it was only so because it was apparent that Mr. Hooper had no mental impairments in any way responsible for the offense. Had counsel’s efforts succeeded, or had the state been unable to bring Dr. Adams forward in rebuttal, counsel would have been able to present the jury another argument in support of mitigation.
The decision of the OCCA simply is not an unreasonable application of Strickland because it correctly considered the entire sentencing proceeding and concluded that counsel did present a mitigation case, just not the one Mr. Hooper, with 20-20 hindsight, would have selected. Hooper, 947 P.2d at 1115. The OCCA’s conclusion that any deficiencies of counsel on this score simply did not constitute a complete breakdown of the adversarial testing process (and therefore did not constitute deficient performance) is correct. This is not a case where the option conténded for (not calling Dr. Murphy and not introducing the medical reports after further investigation) “so clearly outweighs” the course taken by defense counsel as to render the OCCA’s decision objectively unreasonable. Bell, 122 S.Ct. at 1854 (on collateral review, a failure to put on mitigating evidence in sentencing phase and waiver of closing was not deficient performance).
Counsel’s effort to raise “mental impairment” was but one of several mitigation attempts, all of which were ultimately unsuccessful. The trial of a case is not a “do it by the numbers” exercise, rather it is uncertain and one uses what one has. Sometimes it works, and sometimes not, but no experienced trial counsel could say that no competent counsel would have proceeded the way Mr. Hooper’s counsel did. See id.; Bullock v. Carver, 297 F.3d 1036, 1048-49 (10th Cir.2002) (applying objective reasonableness standard in Strickland deficient performance analysis and suggesting that to establish deficient performance, habeas petitioner must successfully urge that no competent counsel would have pro *1180 ceeded in the manner that his counsel did). The “ ‘no competent counsel’ standard” identified by the court is mere description' — no one disputes that the ultimate inquiry in the Strickland deficient performance analysis performed by the OCCA is whether counsel’s representation was objectively reasonable. In concluding that “counsel’s representation did not fall below an objective standard of reasonableness,” Strickland, 466 U.S. at 688, 104 S.Ct. 2052, the OCCA’s decision is not objectively unreasonable precisely because the OCCA considered the representation as a whole and determined that counsel’s representation was within that “wide range” of competence satisfying the Sixth Amendment, i.e. “mak[ing] the adversarial testing process work in the particular case.” See Strickland, 466 U.S. at 690, 104 S.Ct. 2052; Hooper, 947 P.2d at 1115. As recently articulated by the Supreme Court in a similar case reversing a habeas grant by the Ninth Circuit, a state court’s determination must be “given the benefit of the doubt” and “a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied Strickland incorrectly.” Visciotti, 123 S.Ct. at 360. Here, the OCCA carefully applied Strickland from start to finish, finding prejudice, but not deficient performance — what we have is a mere disagreement. Accordingly, I would reverse the district court’s grant of habeas relief.